1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   SHIFT4 CORPORATION,                    )

8                            Plaintiff,    )        Case No. 2:11-cv-01315-MMD-PAL
                                           )
9   vs.                                    )        **ORDER**
                                           )
10  CRAIG MARTIN, et al.,                  )
                                           )
11                           Defendants.   )
    _____   )

12

13          The court conducted a scheduling conference on July 10, 2012.  Deanna Brinkerhoff appeared

14  on behalf of the Plaintiff.  James Shea and Trent Richards appeared on behalf of the Defendants.  Fred

15  Kessler appeared telephonically on behalf of the Defendants.

16                              **BACKGROUND**

17          The court set this matter for hearing after receiving the parties' Stipulation and Order to Extend

18  Deadlines in the Scheduling Order (Dkt. #36).  The stipulation did not comply with the requirements of

19  LR 6-1(b) which requires that any stipulation to extend time shall inform the court of any previous

20  extensions granted.  The stipulation also failed to comply with LR 26-4 which requires that a stipulation

21  to extend the deadline established by the discovery plan and scheduling order be filed twenty-one days

22  before the expiration of the deadline.  This stipulation was filed one day before the discovery cutoff.

23  The rule is also explicit that "a request made after the expiration of the specified period shall not be

24  granted unless the moving party, attorney, or other person demonstrates that the failure to act was the

25  result of excusable neglect."

26          The Complaint (Dkt. #1) was filed August 15, 2011.  Defendant Martin filed an Answer and

27  Counterclaim (Dkt. #6) on September 22, 2011.  When the parties did not submit a stipulated discovery

28  plan and scheduling order as required by LR 26-1(e), the court entered a standard Scheduling Order

(Dkt. #11) giving the parties the amount of time deemed presumptively reasonable by LR 26-1(e) to complete discovery.  The original scheduling order established a March 20, 2012 discovery cutoff.  Plaintiff and Defendant Martin submitted a Stipulation to Extend Time (Dkt. #15) on December 14, 2011, which the court approved in an Order (Dkt. #16) entered December 19, 2011.  The stipulation and order extended the discovery cutoff until June 20, 2012.

On April 3, 2012, the district judge entered an Order (Dkt. #19) granting plaintiff's motion to amend the complaint to add Defendant Phoenix Payment Systems, Inc. d/b/a Electronic Payment Exchange ("EPX").  Plaintiff did not file the amended complaint until May 1, 2012 (Dkt. #23).  The district judge approved the parties' stipulation to extend the deadline for EPX to respond to the complaint.  Defendant EPX made its initial appearance on June 29, 2012, by filing a Motion to Dismiss (Dkt. #41).

The parties' stipulation and proposed order extending deadlines requests an additional nine months to complete discovery.  The reason given for the extended time allowed is to enable Defendant Martin to schedule and take the depositions of Shift4's Rule 30(b)(6) designees.  Counsel represented that Shift4 may need to produce as many as four deponents to cover the multiple topics contained in Martin's deposition notice.  The additional time was also requested because EPX was just added as a party to the case.

During the hearing counsel for Plaintiff indicated that Plaintiff needed to complete the deposition of Mr. Martin and obtain discovery from EPX.  The parties requested a nine-month extension of the discovery plan and scheduling order deadlines because counsel expected it would take some time for the district judge to decide the motion to dismiss the amended complaint once the motion is fully briefed.  Plaintiff's response to the amended complaint is due July 16, 2012, and counsel for Plaintiff acknowledged she did not need to conduct any discovery from EPX to respond to the motion.  Counsel for EPX indicated that his client had only made its initial appearance on June 29, 2012, and had been unable to conduct any discovery.  By contrast, Plaintiff received an initial discovery plan and two extensions of the discovery plan and scheduling order deadlines.  During the extended time the court allowed, counsel for Plaintiff did not seek any non-party discovery from EPX.  EPX is Defendant Craig Martin's current employer.  Plaintiff has asserted breach of contract claims and trade secret

2

claims in the complaint and amended complaint.  The complaint allegations are made "on information and belief" and EPX has no idea why it has been sued.  The extended time was requested because EPX believes the motion to dismiss is meritorious and will result in a dismissal of the entire case.  Under these circumstances, counsel intended to await the outcome of the motion to dismiss before engaging in expensive discovery.

The court inquired whether counsel for EPX was effectively seeking a stay of discovery until after decision of the motion to dismiss, and counsel for EPX responded affirmatively.  Counsel for Plaintiff opposes a stay of discovery on the grounds discovery stays are not the ordinary practice of this court.  The court took the matter under advisement advising counsel for the parties that the motion to dismiss and Plaintiff's response to the motion would be reviewed to address the merits of the parties' dispute concerning whether a stay is appropriate.

On July 31, 2012, the parties submitted a Stipulation (Dkt. #50) which the district judge approved in an Order (Dkt. #51).  The stipulation and order: (1) withdrew Shift 4's motion to dismiss counterclaim without prejudice; (2) withdrew EPX's motion to dismiss without prejudice; (3) withdrew Shift 4's motion to amend without prejudice; (4) required Shift 4 to serve and file a revised second amended complaint on or before Friday, August 3, 2012; (5) provided that the revised second amended complaint would not add new parties or new claims; and (6) provided that Martin and EPX will answer, move or otherwise respond to the revised second amended complaint on or before Friday, August 17, 2012.  On August 1, 2012, the district judge also entered an Order (Dkt. #52) denying as moot Plaintiff's motion to dismiss Defendant's counterclaim.

## DISCUSSION

### I.   Motion to Stay Standards.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Two published decisions in this district have held that ordinarily, a dispositive motion does not

warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both of these decisions held that to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Citing the Ninth Circuit's decision in *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added). Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *Id.*

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d. 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486

4

1    F.3d 541, 551 (9th Cir. 2007) (en banc).

2          Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or

3    discovery on certain matters and prevent certain matters from being inquired into upon a showing of

4    good cause or where "justice requires to protect a party or person from annoyance, embarrassment,

5    oppression, or undue burden or expense." *Id*. The district court has wide discretion in controlling

6    discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v.*

7    *City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that

8    the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the

9    litigants. *Id.*

10         It is well-established that a party seeking a stay of discovery carries the heavy burden of making

11   a strong showing why discovery should be denied. *Turner*, 175 F.R.D. at 556 (*citing Blankenship v.*

12   *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). A showing that discovery may involve some

13   inconvenience and expense does not suffice to establish good cause for issuance of a protective order.

14   *Id.; Twin City*, 124 F.R.D. at 653. Rather, a party seeking a protective order must show a particular and

15   specific need for the protective order, and broad or conclusory statements concerning the need for

16   protection are insufficient. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990).

17         To summarize, the Ninth Circuit has held that a district court may enter a protective order

18   staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is

19   pending if the district court "is convinced that the plaintiff will be unable to state a claim for relief."

20   *Wood v. McEwen,* 644 F.2d at 801. The Ninth Circuit has also held that under certain circumstances, it

21   is an abuse of discretion to deny discovery while a dispositive motion is pending. Finally, the Ninth

22   Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the

23   legal sufficiency of a complaint without subjecting itself to discovery. The court's research has not

24   found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay

25   discovery while a dispositive motion is pending.

26          Federal district courts in the Northern and Eastern Districts of California have applied a two-

27   part test when evaluating whether discovery should be stayed. *See, e.g.*, *Mlenjnecky v. Olympus*

28   *Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the

pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought.  Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.  In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.  If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed.  *Id*.

Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion.  *See*, *e.g.*, *GTE Wireless, Inc. v. Qualcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted."  *Id*. (*citing Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original).

In still a third approach, a judge in the Central District of California has held the court should evaluate a request for a stay applying several factors on a case-by-case basis.  *See Skellercup*, 163 F.R.D. at 601.  In *Skellercup,* the court adopted the approach taken in the Eastern District of New York decision, *Hachette Distributing v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  These decisions recognize that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive."  *Hachette*, 136 F.R.D. at 356.  In determining whether a stay of discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.  *Id.*  These decisions suggest that the court should consider the following, non-exhaustive list of factors: the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.  *Id*.

6

1      In evaluating the propriety of an order staying or limiting discovery while a dispositive motion

2 is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs

3 that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive

4 determination of every action." *Id.* Discovery is expensive. This court is persuaded that the standard

5 enunciated by Judges Reed and Hunt in *Twin City* and *Turner* should apply in evaluating whether a stay

6 of discovery is appropriate while a dispositive motion is pending. A stay of all discovery should only

7 be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. However,

8 as the court in *Mlenjnecky* recognized, taking a "preliminary peek" and evaluating a pending dispositive

9 motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will

10 decide the dispositive motion and may have a different view of the merits of the underlying motion.

11 Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge

12 its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting

13 discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive,

14 this court must decide whether it is more just to speed the parties along in discovery and other

15 proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery

16 and other proceedings to accomplish the inexpensive determination of the case.

17      The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly*, 550 U.S.

18 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C. 1937 (2009), has made speedy determinations of cases

19 increasingly more difficult. Prohibiting or delaying all discovery will often cause unwarranted delay,

20 especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims. The fact that a

21 non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery. With

22 these principles in mind, the court took a "preliminary peek" at Defendant's motion to dismiss.

23      The court took a preliminary peek at EPX's motion to dismiss the amended complaint, and

24 Plaintiff's response before the parties stipulated to withdraw it. The motion to dismiss wass based on

25 Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). It argued that the amended complaint contains

26 no meaningful factual allegations and consists largely of the names of various causes of actions with

27 conclusory references to the elements of those claims. These threadbare allegations, it argued, fall far

28 short of what is required to plead serious allegations of claims such as the trade secret misappropriation

1   claim.

2       Plaintiff responded that the first amended complaint made certain allegations on information

3   and belief because it is a permitted pleading practice when specific facts are uniquely within the

4   Defendant's knowledge.  Plaintiff contended that it was not required to identify its trade secrets in the

5   first amended complaint to put EPX on notice of what it alleges was misappropriated, and that it is not

6   required to publicly disclose its trade secrets to plead a claim.  Shift 4 maintained that the amended

7   complaint properly plead legitimate claims and there was no basis for imposing a heightened pleading

8   standard which the motion to dismiss sought to impose.

9       The parties have now stipulated to withdraw the motion to dismiss and to allow the Plaintiff to

10  file a second amended complaint which will not add new partes or new claims.  The stipulation and

11  order requires EPX to file a responsive pleading on or before Friday, August 17, 2012.  Having

12  reviewed and considered the motion to dismiss, especially in light of the parties' stipulation and the

13  district judge's order, the court is not convinced that Shift 4 will be unable to state a claim for relief

14  against EPX.  The court will therefore deny EPX's request for a stay of discovery and enter a discovery

15  plan and scheduling order giving the parties 180 days, measured from the date EPX's  response to the

16  second amended complaint is due.

17      For the reasons stated,

18      **IT IS ORDERED** that:

19      1,      The oral motion of EPX to stay discovery is **DENIED**.

20      2.      The following discovery plan and scheduling order deadlines shall apply:

21              a.      Last date to complete discovery: **February 13, 2013.**

22              c.      Last date to amend pleadings and add parties **November 15, 2012.**

23              d.      Last date to file interim status report: **December 17, 2012.**

24              e.      Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **December 17,**

25                      **2012.**

26              f.      Last date to disclose rebuttal experts: **January 15, 2013.**

27              g.      Last date to file dispositive motions: **March 15, 2013.**

28              h.      Last date to file joint pretrial order: **April 15, 2013.**  In the event dispositive

motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3.    The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

4.    Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., January 23, 2013,** and shall fully comply with the requirements of LR 26-4.

Dated this 2nd day of August, 2012.


_____
Peggy A. Leen
United States Magistrate Judge

9