Anthony L. Hall, Esq.
Nevada Bar No. 5977
Deanna C. Brinkerhoff, ESQ.
Nevada Bar No. 11066
**HOLLAND & HART LLP**
9555 Hillwood Dr., 2nd Fl.
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
ahall@hollandhart.com
dbrinkerhoff@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant Shift4 Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIFT4 CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG MARTIN, an Arizona resident; PHOENIX PAYMENT SYSTEMS, INC. D/B/A ELECTRONIC PAYMENT EXCHANGE,<br><br>Defendants | CASE NO.: 2:11-cv-01315-KJD-PAL<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Plaintiff and Counterclaim Defendant Shift4 Corporation ("Shift4"), Defendant and Counterclaim Plaintiff Craig Martin ("Martin"), and Defendant Phoenix Payment Systems, Inc. d/b/a Electronic Payment Exchange ("EPX") (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of information contained in documents produced pursuant to the terms of this Protective Order and certain testimony given by witnesses in this case. Documents and testimony and other information deemed to be "CONFIDENTIAL" as set forth below shall be so designated in accordance with this Protective Order.

1  To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED and ORDERED that:

2. 1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy interests of Shift4, EPX, or Martin and/or information contained in confidential business records, personnel records, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, testimony and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys who are actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings;

   c. the Parties, including their agents, lawyers, and legal professionals;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

   e. the Court in this case and its employees ("Court Personnel");

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

    f. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this case;

    g. deponents;

    h. outside photocopying services, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

    i. other persons by written agreement of the Parties.

  5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, lawyers and legal professionals employed by the Parties, Court Personnel, videographers and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such written acknowledgment shall be in the form as provided in Exhibit A to this Stipulated Protective Order, attached hereto and incorporated herein. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

  6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL". A Party may designate documents produced by the other Party as CONFIDENTIAL if they are documents that were originally produced or created as records of the other Party.

  7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the stenographic reporter of the completion of the transcript.

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within ten (10) business days after being notified of the designation. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party protesting the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the protesting party fails to file such a motion within the prescribed time, the disputed information shall maintain its designation as CONFIDENTIAL and shall continue to be treated as CONFIDENTIAL in accordance with this Protective Order.

9. Any pleadings, motions or other documents, or portions thereof, containing CONFIDENTIAL information that are filed with the Court, as well as any exhibits containing CONFIDENTIAL information that are attached to any pleadings, motions or other documents that are filed with the Court, shall be labeled "CONFIDENTIAL" and filed under seal in accordance with District of Nevada Local Rule 10-5. If a party seeks to file information designated CONFIDENTIAL with the Court, the party seeking to file such information must first submit a Motion to Allow Filing Under Seal to the Court, unless the party to whom the CONFIDENTIAL information pertains agrees in writing that such information need not be filed under seal. A Motion to Allow Filing Under Seal must include a specific description of the information or categories of information it seeks to file under seal, along with a clear statement of the facts justifying a seal, including the harm which would result if the information was not filed under seal. Such statement must be made by declaration or affidavit. A party may request that such Motion be heard on an emergency basis and the other party hereby consents to the Court shortening the time for such a motion. If a party seeks to file under seal information designated CONFIDENTIAL as part of a dispositive motion, that party must demonstrate compelling reasons to the Court for preserving the secrecy of that information. If a party seeks to file under seal

information designated CONFIDENTIAL as part of a non-dispositive motion, that party must demonstrate good cause to the Court for preserving the secrecy of that information. If the party seeking to file such CONFIDENTIAL information is not the party to whom the CONFIDENTIAL information pertains, the party to whom the CONFIDENTIAL information pertains may also seek to demonstrate good cause or compelling reasons to the Court for preserving the secrecy of that information, independently of whatever showing is made by the party seeking to file such information. Until the parties otherwise agree or the Court so determines, all information designated CONFIDENTIAL shall continue to be treated as CONFIDENTIAL in accordance with this Order. In the event the Court refuses to allow the filing under seal of such information designated as CONFIDENTIAL, a party shall still be permitted to file such information, but it will continue to be treated as CONFIDENTIAL in all other respects. All filing deadlines will be tolled while a motion that is filed under this section is pending before the Court.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

11. Nothing in this Order requires either party to produce information the party believes is privileged or otherwise non-discoverable. By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Stipulated and approved this 22nd day of January, 2013:

| **HOLLAND & HART LLP** | **THE BOURASSA LAW GROUP, LLC** |
|---|---|
| /s/ Deanna C. Brinkerhoff | /s/ Trent L. Richards |
| ANTHONY L. HALL, ESQ. | MARK J. BOURASSA, ESQ. |
| Nevada Bar No. 5977 | Nevada Bar No. 7999 |
| DEANNA C. BRINKERHOFF, ESQ. | TRENT L. RICHARDS, ESQ. |
| Nevada Bar No. 11066 | Nevada Bar No. 11448 |
| 9555 Hillwood Dr., 2nd Fl. | 8668 Spring Mountain Road, #101 |
| Las Vegas, Nevada 89134 | Las Vegas, Nevada 89117 |
| Tel: (702) 669-4600 | Tel: (702) 851-2180 |
| Fax: (702) 669-4650 | Fax: (702) 851-2189 |
| *Attorneys for Plaintiff and Counterclaim Defendant* | *Attorneys for Defendant and Counterclaim Plaintiff* |

**WOLLMUTH MAHER & DEUTSCH LLP**

/s/ Frederick R. Kessler
JAMES P. SHEA, ESQ.
Nevada Bar No. 405
701 E. Bridger Ave., Suite 200
Las Vegas, Nevada 89101

FREDERICK R. KESSLER, ESQ.
Admitted *pro hac vice*
500 Fifth Avenue
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0080

**IT IS SO ORDERED.**

Dated this 28th day of January, 2013.

_____
Peggy A. Leen
United States Magistrate Judge

# EXHIBIT A:

## WRITTEN ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Shift4 Corporation, Craig Martin, and Phoenix Payment Systems, Inc. d/b/a Electronic Payment Exchange; that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order. The undersigned consents to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name

_____
Telephone Number

5953664_1.DOCX

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650